Schwartz v Partridge (2020 NY Slip Op 00448)





Schwartz v Partridge


2020 NY Slip Op 00448


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-08646
 (Index No. 703745/14)

[*1]Jay Schwartz, etc., respondent,
v
Henry S. Partridge, etc., et al., defendants, Brian Kassover, etc., et al., appellants.


Brown, Gruttadaro, Gaujean, Prato & Sastow, PLLC, White Plains, NY (Katherine W. Dandy and Bridget K. Dahle of counsel), for appellant Brian Kassover.
Melito & Adolfsen P.C., New York, NY (Louis G. Adolfsen, Morgan C. Fiander, and Michael Panayotou of counsel), for appellant Grandell Rehabilitation and Nursing Center, Inc.
Morelli Law Firm PLLC, New York, NY (Sara A. Mahoney of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Brian Kassover and Grandell Rehabilitation and Nursing Center, Inc., separately appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered July 13, 2017. The order, insofar as appealed from, denied those defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants Brian Kassover and Grandell Rehabilitation and Nursing Center, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.
The plaintiff, as administrator of the estate of Sidney Schwartz, commenced this action against, among others, the defendants Brian Kassover and Grandell Rehabilitation Center, Inc. (hereinafter Grandell, and together, the defendants), alleging, inter alia, that those defendants failed to provide appropriate medical care to Sidney Schwartz (hereinafter the decedent), which caused the decedent injuries and, ultimately, his death. Specifically, the plaintiff alleged, inter alia, that the defendants were negligent in failing to manage the decedent's intravenous (hereinafter IV) antibiotic therapy while he was a patient at Grandell in March and April 2012, and in failing to timely transfer the decedent to a hospital setting, and that Grandell violated, inter alia, Public Health Law § 2801-d. Following the completion of discovery, the defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and the plaintiff opposed the motions. The Supreme Court denied the defendants' motions, and the [*2]defendants appeal.
The elements of a medical malpractice cause of action are "a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (DiLorenzo v Zaso, 148 AD3d 1111, 1112, quoting Stukas v Streiter, 83 AD3d 18, 23). When a defendant in a medical malpractice action demonstrates the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324) with respect to at least one of those elements (see DiLorenzo v Zaso, 148 AD3d at 1112), summary judgment dismissing the action should eventuate unless the plaintiff raises a triable issue of fact in opposition.
"In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Bartolacci-Meir v Sassoon, 149 AD3d 567, 572).
Here, Kassover established his prima facie entitlement to judgment as a matter of law through his expert's affirmation and additional submissions. The expert opined, based upon his review of the decedent's medical records, that Kassover did not deviate from accepted standards of medical care (see Mitchell v Lograno, 108 AD3d 689, 692). Grandell likewise established its prima facie entitlement to judgment as a matter of law on the departure element through its expert affirmations, the decedent's medical records, and deposition testimony (see Prunty v Pastula, 171 AD3d 1110, 1111; Refuse v Wehbeh, 167 AD3d 956, 958). In opposition, the plaintiff failed to raise a triable issue of fact (see Prunty v Pastula, 171 AD3d at 1112). The affirmation of the plaintiff's out-of-state expert, resubmitted in affidavit form (see CPLR 2106[a]; see generally Defina v Daniel, 140 AD3d 825, 826), relied upon facts that were not supported by the record and, thus, was speculative and conclusory and insufficient to defeat summary judgment in favor of the defendants (see Wagner v Parker, 172 AD3d 954, 955). Although the plaintiff's expert pointed to complications that arose during the decedent's IV therapy at Grandell, he failed to set forth how either of the defendants could have prevented such complications or how the defendants were negligent in responding to those complications.
The plaintiff's contention that the branch of Grandell's motion which was for summary judgment dismissing the cause of action relating to Public Health Law § 2801-d also should have been denied is without merit. "Liability under the Public Health Law contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient" (Moore v St. James Health Care Ctr., LLC, 141 AD3d 701, 703 [internal quotation marks omitted]). Thus, the basis for liability under Public Health Law § 2801-d " is neither deviation from accepted standards of medical practice nor breach of a duty of care. Rather, it contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule'" (Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001, quoting Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179). Here, the affirmation of Grandell's expert in nursing set forth that Grandell did not violate any applicable federal and state regulations (see Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834). The expert affirmation submitted by the plaintiff, which relied upon facts that were contradicted or unsupported by the record, offered only conclusory allegations of regulatory violations (see Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr., 84 AD3d 1348, 1349) insufficient to defeat summary judgment.
Accordingly, the Supreme Court should have granted the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court