Longhi v Lewit (2020 NY Slip Op 05734)





Longhi v Lewit


2020 NY Slip Op 05734


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-11130
2017-00797
2017-06410
 (Index No. 58508/13)

[*1]Maryann Longhi, etc., appellant-respondent,
v
Harvey Lewit, etc., et al., respondents, Michael S. Canter, etc., et al., respondents-appellants, et al., defendants.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis and Abend & Silber, PLLC [Josh Silber], of counsel), for appellant-respondent.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Stephanie Campbell of counsel), for respondents-appellants Michael S. Canter, Donald McKnight, and Emergency Medical Associates.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Jaqueline D. Berger of counsel), for respondent-appellant Andrew Moulton.
Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Donald J. Scialabba of counsel), for respondent Harvey Lewit.
Nealon Scialabba & Baker P.C., White Plains, NY (Richard J. Nealon and Donald J. Scialabba of counsel), for respondent Hudson Valley Emergency Medicine, PLLC.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondent Vassar Brothers Medical Center, P.C.
The Law Offices of Steinberg, Symer & Platt, LLP, Poughkeepsie, NY (Jonathan E. Symer of counsel), for respondents Bernadette Tillmon and Mid-Hudson Medical Group, P.C.
Bartlett LLP, Garden City, NY (Robert G. Vizza and Kenneth S. Oliver of counsel), for respondents Howard Gelber and Greater Northeast Radiology Associates, P.C.
Garson & Jakub, LLP, New York, NY (Susan M. McNamara and Louis Jakub of counsel), for respondent Open MRI of Fishkill, LLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Melissa A. Murphy-Petros, Judy C. Selmeci, and Michael J. O'Malley of counsel), for respondent Westchester County Health Care Corporation.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 30, 2016, (2) a judgment of the same court dated December 21, 2016, and (3) an order of the same court dated May 19, 2017, and the defendants Michael S. Canter, Donald McKnight, and Emergency Medical Associates and the defendant Andrew Moulton separately cross-appeal from the order dated September 30, 2016. The order dated September 30, 2016, insofar as appealed from, granted the motion of the defendants Harvey Lewit and Hudson Valley Emergency Medicine, PLLC, for summary judgment dismissing the complaint insofar as asserted against them, granted that branch of the motion of the defendant Vassar Brothers Medical Center, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the motion of the defendants Todd Baldwin, Bernadette Tillmon, and Mid-Hudson Medical Group, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendants Bernadette Tillmon and Mid-Hudson Medical Group, P.C., granted the motion of the defendants Howard Gelber and Greater Northeast Radiology Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them, granted the motion of the defendant Open MRI of Fishkill, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendant Westchester County Health Care Corporation which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff. The order dated September 30, 2016, insofar as cross-appealed from by the defendants Michael S. Canter, Donald McKnight, and Emergency Medical Associates, denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them. The order dated September 30, 2016, insofar as cross-appealed from by the defendant Andrew Moulton, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. The judgment, upon so much of the order dated September 30, 2016, as granted the motion of the defendants Howard Gelber and Greater Northeast Radiology Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The order dated May 19, 2017, insofar as appealed from, upon reargument, vacated so much of the determination in the order dated September 30, 2016, as denied that branch of the motion of the defendant Westchester County Health Care Corporation which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by medical residents and, thereupon, granted that branch of the prior motion, and, upon reargument, adhered to so much of the determination in the order dated September 30, 2016, as granted that branch of that defendant's motion which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff.
ORDERED that the appeal from so much of the order dated September 30, 2016, as granted that branch of the motion of the defendant Westchester County Health Care Corporation which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff is dismissed, as that portion of the order was superseded by the order dated May 19, 2017, made upon reargument; and it is further,
ORDERED that the appeal from so much of the order dated September 30, 2016, as granted the motion of the defendants Howard Gelber and Greater Northeast Radiology Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,
ORDERED that the order dated September 30, 2016, is affirmed insofar as reviewed on the appeal; and it is further,
ORDERED that the order dated September 30, 2016, is reversed insofar as cross-appealed from by the defendants Michael S. Canter, Donald McKnight, and Emergency Medical Associates, on the law, and the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that the order dated September 30, 2016, is reversed insofar as cross-appealed from by the defendant Andrew Moulton, on the law, and that defendant's motion for [*2]summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order dated May 19, 2017, is modified, on the law, by deleting the provision thereof adhering to so much of the original determination in the order dated September 30, 2016, as granted that branch of the motion of the defendant Westchester County Health Care Corporation which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff, and substituting therefor a provision vacating that portion of the original determination and, thereupon, denying that branch of the motion; as so modified, the order dated May 19, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Harvey Lewit, Hudson Valley Emergency Medicine, PLLC, Vassar Brothers Medical Center, P.C., Bernadette Tillmon, Mid-Hudson Medical Group, P.C., Howard Gelber, Greater Northeast Radiology Associates, P.C., Open MRI of Fishkill, LLC, Michael S. Canter, Donald McKnight, Emergency Medical Associates, and Andrew Moulton, appearing separately and filing separate briefs, payable by the plaintiff.
The appeal from so much of the order dated September 30, 2016, as granted the motion of the defendants Howard Gelber and Greater Northeast Radiology Associates, P.C. (hereinafter Greater Northeast), for summary judgment dismissing the complaint insofar as asserted against them must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On January 22, 2012, Richard Longhi (hereinafter the decedent) went to the defendant Mid-Hudson Medical Group, P.C. (hereinafter Mid-Hudson), with complaints of "severe back pain," and he was instructed to go to the emergency room due to concerns over a possible aneurysm and tracheal deviation. The decedent then went to the emergency room at the defendant Vassar Brothers Medical Center, P.C. (hereinafter Vassar), where he was examined by the defendant physician Harvey Lewit, who ruled out an aneurysm and tracheal deviation, and discharged the decedent with instructions to return if his condition worsened.
On January 24, 2012, the decedent returned to Mid-Hudson, where he was examined by the defendant physician Bernadette Tillmon, who instructed the decedent to undergo a thoracic and lumbar spine MRI to rule out an epidural abscess. The MRI was conducted on the following day at a facility owned by the defendant Open MRI of Fishkill, LLC (hereinafter Open MRI). The MRI images were interpreted by the defendant physician Howard Gelber, and his interpretation was transmitted to Tillmon on the morning of January 26, 2012. After receiving the MRI results, Tillmon suspected an epidural abscess and instructed the decedent to go to the emergency room.
On January 26, 2012, at approximately 12:27 p.m., the decedent went to Westchester Medical Center, where he was examined by the defendant physicians Michael S. Canter and Donald McKnight, and underwent a thoracic and lumbar spine MRI, which confirmed that the decedent had an epidural abscess. On the same date, at around 9:00 p.m., the defendant physician Andrew Moulton was advised of the decedent's condition and tentatively decided to perform surgery the next morning. At around 1:00 a.m. on January 27, 2012, the decedent was found to be paralyzed below the neck, and Moulton started to perform emergency surgery at approximately 4:05 a.m. The decedent ultimately died on September 4, 2012, from respiratory failure related to quadriplegia.
On May 29, 2013, the decedent's wife, Maryann Longhi, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice. Thereafter, the defendants Lewit and Hudson Valley Emergency Medicine, PLLC (hereinafter Hudson Valley), the defendant Vassar, the defendants Tillmon and Mid-Hudson, the defendants Gelber and Greater Northeast, the defendant Open MRI, the defendant Westchester County Health Care Corporation (hereinafter WCHCC), the defendants Canter, McKnight, and [*3]Emergency Medical Associates (hereinafter Emergency Medical), and the defendant Moulton separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them.
In an order dated September 30, 2016, the Supreme Court determined, insofar as relevant here, that (1) Lewit, Hudson Valley, Vassar, Tillmon, Mid-Hudson, Gelber, Greater Northeast, and Open MRI were entitled to summary judgment; (2) WCHCC, which owned Westchester Medical Center, was entitled to summary judgment dismissing the claims against it alleging malpractice by nonphysician staff, but not summary judgment dismissing the claims against it alleging malpractice by medical residents; and (3) Moulton, Canter, McKnight, and Emergency Medical were not entitled to summary judgment. Thereafter, WCHCC moved for leave to reargue that branch of its motion which was for summary judgment dismissing the claims against it alleging malpractice by medical residents. In an order dated May 19, 2017, the court, among other things, upon reargument, vacated so much of the determination in the order dated September 30, 2016, as denied that branch of WCHCC's prior motion, and thereupon granted that branch of the prior motion. In a judgment dated December 21, 2016, the court dismissed the complaint insofar as asserted against Gelber and Greater Northeast.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Williams v Nanda, 177 AD3d 938, 939, quoting Hayden v Gordon, 91 AD3d 819, 820). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579). "Where the defendant has satisfied that burden, a plaintiff must 'submit evidentiary facts or materials to rebut the defendant's prima facie showing'" (id. at 579, quoting Stukas v Streiter, 83 AD3d 18, 30).
Although "'[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Williams v Nanda, 177 AD3d at 939, quoting Feinberg v Feit, 23 AD3d 517, 519), "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Lowe v Japal, 170 AD3d 701, 702). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (id. at 703, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, Lewit and Hudson Valley established their prima facie entitlement to judgment as a matter of law by submitting evidence that Lewit did not depart from accepted medical practice and, in any event, that any alleged departures were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to those defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any departures by Lewit were a proximate cause of the decedent's paralysis and ultimate death based upon the speculative and conclusory opinions of the plaintiff's experts (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128-1129). Accordingly, we agree with the Supreme Court's determination to grant the motion of Lewit and Hudson Valley for summary judgment dismissing the complaint insofar as asserted against them.
In light of Lewit's entitlement to summary judgment, we also agree with the Supreme Court's determination to grant that branch of Vassar's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "'[A] claim of vicarious liability cannot stand when "there is no primary liability upon which such a claim of vicarious liability might rest"'" (Pistilli Constr. & Dev. Corp. v Epstein, Rayhill & Frankini, 84 AD3d 913, 914, quoting Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837, quoting Karaduman v Newsday, Inc., 51 NY2d 531, 546). Here, the plaintiff sought to hold Vassar vicariously liable for the alleged malpractice of Lewit and the defendant physician Joseph C. Antonio. Since the plaintiff does not contest the court's
determination to award summary judgment to Antonio dismissing the complaint insofar as asserted against him, and there is no surviving claim against any individual upon which a claim of vicarious liability against Vassar might rest, the court's determination to award summary judgment to Vassar [*4]was proper.
Tillmon and Mid-Hudson established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of a medical expert who opined that Tillmon did not depart from accepted medical practice and, in any event, that any alleged departures were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to those defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact based upon the speculative and conclusory opinions of the plaintiff's experts. Accordingly, we agree with the Supreme Court's determination that Tillmon and Mid-Hudson were entitled to summary judgment dismissing the complaint insofar as asserted against them.
Open MRI established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not perform or supervise any medical services and, in any event, that any alleged departures which may be attributed to it were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to Open MRI's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any negligence or alleged departure attributable to Open MRI was a proximate cause of the decedent's paralysis and ultimate death based upon the speculative and conclusory opinions of the plaintiff's experts (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d at 1128-1129). Accordingly, we agree with the Supreme Court's determination to grant Open MRI's motion for summary judgment dismissing the complaint insofar as asserted against it.
Gelber and Greater Northeast established their prima facie entitlement to judgment as a matter of law based upon evidence showing that any alleged departures by Gelber were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact based upon the speculative and conclusory opinions of the plaintiff's experts. Accordingly, we agree with the Supreme Court's determination to grant the motion of Gelber and Greater Northeast for summary judgment dismissing the complaint insofar as asserted against them.
We disagree with the Supreme Court's determination that Canter, McKnight, and Emergency Medical were not entitled to summary judgment dismissing the complaint insofar as asserted against them. Those defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they did not depart from accepted medical practice and, in any event, that any alleged departures were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to those defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any alleged departures by those defendants were a proximate cause of the decedent's paralysis and ultimate death. The plaintiff's experts engaged in speculation, without any evidentiary basis, by presuming that, if not for the alleged departures by Canter and McKnight, Moulton would have made the decision to operate on January 26, 2012, prior to the onset of the decedent's paralysis, or provided any different treatment (see Goldsmith v Taverni, 90 AD3d 704). Accordingly, the court should have granted the motion of Canter, McKnight, and Emergency Medical for summary judgment dismissing the complaint insofar as asserted against them.
Furthermore, we disagree with the Supreme Court's determination that Moulton was not entitled to summary judgment dismissing the complaint insofar as asserted against him. Moulton established his prima facie entitlement to judgment as a matter of law by submitting the affirmation of a medical expert who opined that Moulton did not depart from accepted medical practice and, in any event, that any alleged departures were not a proximate cause of the decedent's paralysis and ultimate death. In opposition to Moulton's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any alleged departures by Moulton were a proximate cause of the decedent's paralysis and ultimate death. The plaintiff's expert engaged in speculation, without any evidentiary basis, by presuming that Moulton had sufficient time after he was first notified of the decedent's condition to adequately prepare for and perform surgery prior to the onset of the decedent's paralysis (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d at 1128-1129). Accordingly, the court should have granted Moulton's motion for summary judgment dismissing the complaint insofar as asserted against him.
We agree with the Supreme Court determination, upon reargument, that WCHCC was entitled to summary judgment dismissing the claims asserted against it based upon alleged malpractice by medical residents. In opposition to WCHCC's prima facie showing that its medical residents did not deviate from the standard of care or proximately cause the decedent's injuries, the plaintiff failed to raise a triable issue of fact (see id. at 1128).
However, WCHCC failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff. The plaintiff's bill of particulars as against WCHCC asserted that WCHCC's nonphysician staff, inter alia, negligently failed to treat and monitor the decedent's bed sores. WCHCC failed to tender any admissible evidence establishing that its nonphysician staff exercised no independent medical judgment regarding the treatment of the decedent's bed sores (see Zuckerman v City of New York, 49 NY2d 557, 562; cf. Zhuzhingo v Milligan, 121 AD3d 1103, 1107). Accordingly, upon reargument, the Supreme Court should have denied that branch of WCHCC 's motion which was for summary judgment dismissing the claims asserted against it based upon alleged malpractice by nonphysician staff, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court