Barnaman v Bishop Hucles Episcopal Nursing Home (2023 NY Slip Op 00980)

Barnaman v Bishop Hucles Episcopal Nursing Home

2023 NY Slip Op 00980

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-03092
 (Index No. 45321/03)

[*1]Jacob Barnaman, etc., appellant, 
v
Bishop Hucles Episcopal Nursing Home, respondent, et al., defendants.

Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 14, 2019. The order denied the plaintiff's motion for leave to renew and reargue that branch of his prior motion which was to impose sanctions against the defendant Bishop Hucles Episcopal Nursing Home for spoliation of evidence, which had been denied in a prior order of the same court dated December 13, 2016, and granted the motion of the defendant Bishop Hucles Episcopal Nursing Home for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the appeal from so much of the order dated January 14, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue that branch of his prior motion which was to impose sanctions against the defendant Bishop Hucles Episcopal Nursing Home for spoliation of evidence is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 14, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Bishop Hucles Episcopal Nursing Home.
In February 1996, at the age of 84, the plaintiff's decedent became a resident of the defendant Bishop Hucles Episcopal Nursing Home (hereinafter the defendant). At the time of admission, the decedent was wheelchair-bound and had been diagnosed with arthritis, hypertension, and glaucoma-induced blindness, among other conditions. She required assistance in all activities of daily living. By 2003, she also suffered from dementia, severe osteoporosis, and a sacral pressure ulcer, and was totally dependant on the defendant's staff members for all activities of daily living. On May 8, 2003, while the decedent was lying in bed, members of the defendant's staff observed swelling and tenderness in her right thigh. The decedent complained of pain, but was unable to describe what had occurred. An X-ray revealed a fracture in her right femur. That night, the decedent was transferred to a hospital, where she remained until she went into cardiopulmonary [*2]arrest and passed away on May 25, 2003, at the age of 92.
The plaintiff, the decedent's son and the administrator of her estate, thereafter commenced this action against the defendant, among others. He subsequently served a bill of particulars, alleging that the defendant was negligent in, inter alia, causing the decedent's pressure ulcer and right femur fracture.
In September 2016, the plaintiff moved, among other things, to impose sanctions against the defendant for spoliation of evidence, based on its failure to disclose certain records it had generated regarding the decedent, which were subsequently destroyed. The defendant opposed the motion, asserting, inter alia, that the records had been stored in an outside storage facility operated by a nonparty, which was destroyed in a fire in January 2015. In an order dated December 13, 2016, the Supreme Court, among other things, denied that branch of the plaintiff's motion.
In June 2017, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiff opposed the motion, and moved, inter alia, for leave to renew that branch of his prior motion which was to impose sanctions against the defendant for spoliation of evidence. The defendant opposed the plaintiff's motion. By order dated January 14, 2019, the Supreme Court granted the defendant's motion for summary judgment and denied the plaintiff's motion, among other things, for leave to renew. The plaintiff appeals.
"The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Schwartz v Partridge, 179 AD3d 963, 964 [internal quotation marks omitted]). "When moving for summary judgment, a defendant provider has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (J.P. v Patel, 195 AD3d 852, 853 [internal quotation marks and brackets omitted]). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant['s] . . . summary judgment motion" (Alvarez v Prospect Hosp., 68 NY2d 320, 325). "Although summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Longhi v Lewit, 187 AD3d 873, 877-878 [internal citations, brackets, and quotation marks omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (id. at 878 [internal quotation marks omitted]; see Lowe v Japal, 170 AD3d 701, 702-703).
Contrary to the plaintiff's assertions, the defendant established, prima facie, that it did not deviate from acceptable standards of care and that any alleged deviation was not a proximate cause of the injuries alleged, thereby demonstrating its entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d at 1068).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact, as his two experts failed to rebut the specific assertions of the defendant's expert (see Longhi v Lewit, 187 AD3d at 877-878).
Contrary to the plaintiff's contentions, the fact that the accountability records prepared by the defendant's certified nursing assistants were destroyed in a fire in January 2015 did not warrant denial of the defendant's motion for summary judgment. The certified nursing assistants [*3]who treated the decedent in the 24-hour period prior to the discovery of her swollen leg completed other reports setting forth their observations, and the plaintiff deposed one of the assistants.
The Supreme Court correctly denied that branch of the plaintiff's motion which was for leave to renew, since he did not submit any new facts that would have changed the outcome of the prior motion (see Bank of N.Y. Mellon v Lewis, 200 AD3d 969, 970). The records at issue were destroyed as a result of a fire at a nonparty's storage facility, not as a result of any negligent or intentional conduct on the defendant's part (see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 794-795), and the plaintiff's new facts did not address this issue.
The plaintiff's remaining contention is not properly before this Court.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court