Blank v Adiyody (2023 NY Slip Op 05243)

Blank v Adiyody

2023 NY Slip Op 05243

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-05250
 (Index No. 605395/17)

[*1]Eugenia O. Blank, etc., respondent,
v
Joseph Vinod Adiyody, etc., et al., defendants, Gentiva Health Services, Inc., et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for appellants.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Gentiva Health Services, Inc., and Gentiva Services of New York, Inc., appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered May 18, 2020. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Gentiva Health Services, Inc., and Gentiva Services of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted.
In June 2017, the plaintiff, individually and as administrator of the estate of Andrew Blank (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the defendants Gentiva Health Services, Inc., and Gentiva Services of New York, Inc. (hereinafter together the defendants), which provided nursing services to the decedent at his home for several months prior to the decedent's death. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered May 18, 2020, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
"The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898 [internal quotation marks omitted]). "On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796 [internal quotation marks omitted]). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Guctas v Pessolano, 132 AD3d 632, 633).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affirmation from Lawrence Diamond, a physician, and an affidavit from Diane Yastrub, a registered nurse, which demonstrated that the care rendered by the defendants was in accordance with accepted standards of care, and that any alleged deviation was not a proximate cause of the decedent's injuries (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 899). In opposition, the plaintiff failed to raise a triable issue of fact by submitting a redacted physician's affidavit. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge[,] or experience" necessary to establish the reliability of his or her opinion (Galluccio v Grossman, 161 AD3d 1049, 1052 [internal quotation marks omitted]). Here, the redacted physician's affidavit failed to lay the requisite foundation for the affiant's familiarity with the applicable standard of nursing care (see Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1345; Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 677; Galluccio v Grossman, 161 AD3d at 1052). Moreover, the opinions of the plaintiff's expert that the defendants deviated from the applicable standard of care were speculative, conclusory, and nonresponsive to the specific assertions raised by the defendants' experts (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 898-899).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court