Rosenzweig v Hadpawat (2024 NY Slip Op 03838)

Rosenzweig v Hadpawat

2024 NY Slip Op 03838

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2019-12381
 (Index No. 606376/15)

[*1]Steven Rosenzweig, etc., appellant,
v
Neil Hadpawat, etc., et al., respondents.

Duffy & Duffy, PLLC (Mary Ellen Duffy and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, New York, NY (Amy E. Bedell of counsel), for respondents Neil Hadpawat, CityMD, and City Practice Group of New York, LLC.
Martin Clearwater & Bell, LLP, New York, NY (Daniel Freidlin of counsel), for respondents Michael S. Richheimer and Michael S. Richheimer, M.D., P.C.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondents Allergy and Asthma Care of NY and Prohealth Care Associates, LLP.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered September 26, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Neil Hadpawat, CityMD, and City Practice Group of New York, LLC, the defendants Allergy and Asthma Care of NY and Prohealth Care Associates, LLP, and the defendants Michael S. Richheimer and Michael S. Richheimer, M.D., P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them, and denied, as academic, the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, those branches of the separate motions of the defendants Neil Hadpawat, CityMD, and City Practice Group of New York, LLC, the defendants Allergy and Asthma Care of NY and Prohealth Care Associates, LLP, and the defendants Michael S. Richheimer and Michael S. Richheimer, M.D., P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them are denied, and the plaintiff's cross-motion for leave to amend the complaint is granted.
On September 8, 2014, the plaintiff's wife (hereinafter the decedent) presented to an urgent care clinic at the defendant CityMD with complaints of intermittent joint pain in her upper extremities for three days. The decedent reported a history of hypertension and Hashimoto's disease for which she was taking medication. The decedent was seen by the defendant Neil Hadpawat, who [*2]examined her and referred her to a rheumatologist. On September 11, 2014, the decedent visited her long-time physician, the defendant Michael S. Richheimer, an allergist and internist, at the office of the defendant Prohealth Care Associates, LLP (hereinafter Prohealth), formerly known as the defendant Allergy and Asthma Care of NY (hereinafter AACNY), with complaints of not feeling well for two weeks, hot flashes, and weakness and intermittent burning sensation in her arms that awakened her at night. Richheimer had been managing the decedent's Hashimoto's disease and hypertension with medication. Richheimer ordered blood tests. Within hours of her visit to Richheimer, the decedent suffered a fatal cardiopulmonary arrest. An autopsy revealed that her cause of death was "[a]rteriosclerotic heart disease with thrombosis of [the] right coronary artery and myocardial infarction."
The plaintiff, individually and as the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. The plaintiff alleged that the defendants failed to timely and properly diagnose and treat the decedent's cardiac condition. Following discovery, Hadpawat, CityMD, and the defendant City Practice Group of New York, LLC, moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. Richheimer and Michael S. Richheimer, M.D., P.C., and Prohealth and AACNY separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants similarly argued that they did not depart from good and accepted medical practice and that any alleged departure was not a proximate cause of the decedent's injuries and death. The plaintiff cross-moved for leave to amend the complaint to add additional dates of alleged medical malpractice. The Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
"On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure" (Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden" (Dixon v Chang, 163 AD3d 525, 527 [internal quotation marks omitted]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]).
Here, on their separate motions, the defendants established their prima facie entitlement to judgment as a matter of law by submitting testimonial, documentary, and expert affirmation evidence demonstrating that they did not depart from good and accepted medical practice in rendering care to the decedent (see Blank v Adiyody, 220 AD3d 832; Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898). As to proximate cause, however, the defendants' experts' conclusory assertions were insufficient to make a prima facie showing that, regardless of the defendants' showing of no departure, the departures they allegedly committed did not proximately cause the decedent's injuries and death (see Lopresti v Alzoobaee, 217 AD3d 759).
In opposition to the defendants' prima facie showing on the element of departure, the plaintiff raised triable issues of fact by submitting the redacted affirmation of an expert, who opined in a nonconclusory fashion that the defendants departed from the standard of care by failing to properly conduct a differential diagnosis and perform an echocardiogram (see id. at 760). Contrary to the defendants' contentions, the plaintiff's expert laid a sufficient foundation for his or her opinion as to the defendants' alleged departures from the applicable standard of care (see Kiernan v Arevalo-Valencia, 184 AD3d 727, 728-729). "[A] medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field" (Behar v Coren, 21 AD3d 1045, 1046-1047). However, the expert must "be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (DiLorenzo v Zaso, 148 AD3d 1111, 1112-1113 [internal quotation marks omitted]). Here, the expert, who was in the [*3]practice of internal medicine and primary care for more than 35 years, demonstrated based on experience and knowledge that he or she was qualified to render an opinion regarding the symptomology and diagnosis of heart disease and as to whether the defendants properly examined the decedent and investigated her symptoms in accordance with accepted medical practices (see Kiernan v Arevalo-Valencia, 184 AD3d at 728-729; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789, 790). Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them.
The Supreme Court should have granted the plaintiff's cross-motion for leave to amend the complaint to add additional dates of alleged malpractice with respect to Richheimer, Michael S. Richheimer, M.D., P.C., and Prohealth. "Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Bhatara v Kolaj, 222 AD3d 926, 929 [internal quotation marks omitted]). Here, the plaintiff established that the amendments were not palpably insufficient or patently devoid of merit, and they would not result in prejudice or surprise. Furthermore, although those defendants contend that any allegations of malpractice arising prior to April 2, 2013, are time-barred, the plaintiff raised questions of fact as to whether the statute of limitations was tolled pursuant to the continuous treatment doctrine (see Schrank v Lederman, 52 AD3d 494, 496).
The defendants' remaining contentions are without merit.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court