J.L. v Sklar

2026 NY Slip Op 01952

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

J. L., etc., et al., appellants,

v

Elaine Sklar, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-04092, (Index No. 511164/14)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone, Stephenie L. Bross, and the Law Office of Arnold DiJoseph, P.C., of counsel), for appellants.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Lena Holubnyczyj, and Nicholas Tam of counsel), for respondents Elaine Sklar and Boro Park Obstetrics and Gynecology, P.C.

McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent Maimonides Medical Center.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 19, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Elaine Sklar and Boro Park Obstetrics and Gynecology, P.C., and the defendant Maimonides Medical Center which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against each of them.

ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Elaine Sklar and Boro Park Obstetrics and Gynecology, P.C., and the defendant Maimonides Medical Center which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against each of them are denied.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants Elaine Sklar, Boro Park Obstetrics and Gynecology, P.C. (hereinafter Boro Park), and Maimonides Medical Center (hereinafter Maimonides). The plaintiffs alleged, among other things, that those defendants deviated from good and accepted medical practice during the labor of the plaintiff Jennifer L. (hereinafter the mother) and the delivery of the plaintiff J. L. (hereinafter the infant plaintiff) at Maimonides, resulting in injuries to the infant plaintiff and the mother. Sklar and Boro Park moved, and Maimonides separately moved, inter alia, for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against each of them. In an order dated May 19, 2020, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiffs appeal.

"The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Schwartz v Partridge, 179 AD3d 963, 964 [internal quotation marks omitted]; see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898). "In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651; see Daniels v Pisarenko, 222 AD3d 831, 832). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d 782, 783; see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 898). "[A] defendant's expert's affidavit or affirmation that merely recounts the treatment rendered and opines in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [alterations and internal quotation marks omitted]; see Danziger v Mayer, 236 AD3d 755, 758).

Here, Sklar and Boro Park failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice insofar as asserted against them. The expert affirmation submitted by those defendants in support of their motion failed to address specific allegations of malpractice set forth in the complaint and bills of particulars (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797), and failed to eliminate all triable issues of fact, inter alia, as to whether those defendants ordered the appropriate dosage of a medication to induce the mother's labor and properly attempted to deliver the infant plaintiff using a vacuum extractor, rather than performing an emergency cesarean section, despite indications that the mother was experiencing uterine tachysystole. The expert's affirmation also failed to eliminate triable issues of fact as to whether these alleged departures from good and accepted medical practice were a proximate cause of the mother's and the infant plaintiff's injuries (see id.; Smarkucki v Kleinman, 171 AD3d 1118, 1119).

Maimonides also failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice insofar as asserted against it. "Although, generally, a hospital cannot be held vicariously liable for the negligence of a private attending physician, concurrent liability will be imposed where, inter alia, a hospital's employees commit independent acts of negligence" (Rosenstack v Wong, 106 AD3d 804, 805; see Pezulich v Grecco, 206 AD3d 827, 829). Here, the affirmation of Maimonides's expert who specialized in the fields of obstetrics, gynecology, and maternal fetal medicine failed to eliminate triable issues of fact as to whether Maimonides's staff committed independent acts of negligence (cf. Corletta v Fischer, 101 AD3d 929, 930). Moreover, the affirmation of Maimonides's expert neonatologist was conclusory and insufficient to establish Maimonides's prima facie entitlement to judgment as a matter of law (see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 914).

Accordingly, the Supreme Court should have denied those branches of the separate motions of Sklar and Boro Park and Maimonides which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of them, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

The causes of action alleging loss of services are derivative in nature (see Buzeska v Crystal Run Healthcare Physicians, LLP, 234 AD3d 656, 659; Sokoloff v Schor, 176 AD3d 120, 133). In light of our determination that the Supreme Court should have denied those branches of the separate motions of Sklar and Boro Park and Maimonides which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of them, the court also should have denied those branches of the separate motions which were for summary judgment dismissing the causes of action alleging loss of services insofar as asserted against each of them (see Buzeska v Crystal Run Healthcare Physicians, LLP, 234 AD3d at 659).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court