Ignatiadis v Shore Front Nursing Home

2026 NY Slip Op 01950

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

George Ignatiadis, etc., appellant,

v

Shore Front Nursing Home, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2021-06588, (Index No. 853/15)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Phillip Hom

Elena Goldberg Velazquez, JJ.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.

Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 29, 2021. The judgment, upon an order of the same court dated May 25, 2021, granting the motion of the defendant Shorefront Jewish Geriatric Center, Inc., incorrectly sued herein as Shore Front Nursing Home, for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.

ORDERED that the judgment is affirmed, with costs.

On May 10, 2012, Aristidis Ignatiadis (hereinafter the decedent) was admitted to the defendant Shorefront Jewish Geriatric Center, Inc. (hereinafter Shorefront), incorrectly sued herein as Shore Front Nursing Home, from New York Presbyterian Brooklyn Methodist Hospital (hereinafter Methodist Hospital) where, inter alia, he had been treated for a urinary tract infection with antibiotics. Upon the decedent's admission to Shorefront, the staff performed a fall risk assessment, implemented fall precautions, and ordered a urinalysis and urine culture, which were negative. The decedent was non-ambulatory and diagnosed with multiple medical conditions, including dementia. The decedent was prescribed Zyprexa to treat agitation resulting from his dementia and received a catheter to address urinary retention. On May 25, 2012, the decedent was found on the floor, having apparently fallen from his bed. On May 28, 2012, the decedent's catheter was removed, and he was able to urinate without pain.

On May 31, 2012, the decedent was discharged home after insurance coverage for his stay at Shorefront terminated. That same day, the decedent returned to Methodist Hospital due to ankle edema. The hospital performed a repeat urinalysis and urine culture, and the decedent was diagnosed with a urinary tract infection.

Thereafter, the plaintiff, the decedent's son and executor of his estate, commenced this action against Shorefront, among others, to recover damages for, inter alia, medical malpractice and a violation of Public Health Law § 2801-d.

In January 2021, Shorefront moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. In an order dated May 25, 2021, the Supreme Court granted the motion. A judgment was issued on July 29, 2021, in favor of Shorefront and against the plaintiff dismissing the complaint insofar as asserted against Shorefront. The plaintiff appeals.

"'The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898, quoting Schwartz v Partridge, 179 AD3d 963, 964). "'On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure'" (Deitch v Sands Point Ctr. for Health & Rehabilitation, 237 AD3d 1043, 1044, quoting Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1171). "'In order to sustain this . . . burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's . . . bill of particulars'" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 898, quoting Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912). "Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Quinones v Winthrop Univ. Hosp., 230 AD3d at 1171 [internal quotation marks omitted]; see Donnelly v Parikh, 150 AD3d 820, 822).

"'Although summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact'" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 898-899, quoting Longhi v Lewit, 187 AD3d 873, 877-878). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (id. at 899, quoting Longhi v Lewit, 187 AD3d at 878).

Here, Shorefront established, prima facie, that it did not deviate from acceptable standards of care and that any alleged deviation was not a proximate cause of the injuries alleged, thereby demonstrating its entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against it (see id.; Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068). In opposition, the plaintiff failed to raise a triable issue of fact, as his expert's opinion was conclusory, speculative, and nonresponsive to the specific assertions of Shorefront's expert (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 899; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 865).

"'The general rule is that [a] plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars'" (Rich v Donnenfeld, 191 AD3d 909, 910, quoting Larcy v Kamler, 185 AD3d 564, 566). "If the theory is discernable from the pleadings, it may be considered, especially if the theory is referred to in the depositions" (id. [internal quotation marks omitted]; see Palagye v Loulmet, 203 AD3d 729, 731). Here, the plaintiff's expert raised a new theory of liability when he alleged that Shorefront materially increased the decedent's fall risk by prescribing Zyprexa (see Larcy v Kamler, 185 AD3d at 566). This theory was not discernable from the pleadings or the deposition of Shorefront's representative (see id.; E.G. v Alzoobaee, 237 AD3d 1052, 1054). Therefore, the Supreme Court properly declined to consider that theory.

Further, "liability under the Public Health Law contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient" (Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702, 705 [internal quotation marks omitted]; see Public Health Law § 2801-d[1], [2]). "Public Health Law § 2801-d authorizes a private right of action by patients of residential health care facilities for the violation of rights enumerated in Public Health Law § 2803-[*2]c" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 619 [internal quotation marks omitted]).

Shorefront established, prima facie, that it did not violate the various federal and state regulations set forth in the complaint by submitting an affirmation of its expert, who opined that Shorefront provided all care reasonably necessary (see Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d at 705; Schwartz v Partidge, 179 AD3d at 965). In opposition, the plaintiff's expert provided no opinion as to whether Shorefront had violated any regulations.

Shorefront's contentions regarding the statute of limitations are improperly raised for the first time on appeal (see Aly v Abououkal, Inc., 153 AD3d 481, 483; Choudhary v First Option Tit. Agency, 107 AD3d 657, 659).

CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court