Javich v Sullivan (2021 NY Slip Op 08224)





Javich v Sullivan


2021 NY Slip Op 08224


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09299
 (Index No. 11213/14)

[*1]Ella Javich, et al., appellants, 
v
James Dennis Sullivan, etc., et al., respondents.


Mark M. Basichas & Associates, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellants. 
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents James Dennis Sullivan and Raza M. Zaidi.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondent North Shore Long Island Jewish Medical Center.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent Sophia Lyubarskaya.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered August 1, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants North Shore Long Island Jewish Medical Center and C. Cooper which was for summary judgment dismissing the complaint insofar as asserted against the defendant North Shore Long Island Jewish Medical Center and the separate motions of the defendant Sophia Lyubarskaya and the defendants James Dennis Sullivan and Raza M. Zaidi for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Ella Javich, and her husband suing derivatively, commenced this action to recover damages for injuries Javich allegedly sustained after suffering a stroke following colon resection surgery. The surgery was performed at North Shore University Hospital by the defendant James Dennis Sullivan, who was assisted by the defendant Raza M. Zaidi. The defendant Sophia Lyubarskaya was the anesthesiologist. The complaint asserts causes of action against the defendants to recover damages for medical malpractice, negligence, lack of informed consent, and loss of services. The plaintiffs essentially allege that the defendants negligently cleared Javich for, and permitted her to undergo, colon resection surgery despite her high blood pressure, causing her to suffer a stroke, and failed to timely diagnose and treat the stroke, causing her to sustain certain injuries.
After the completion of discovery, the defendants North Shore-Long Island Jewish Health System, Inc., sued herein as North Shore Long Island Jewish Medical Center (hereafter North Shore), and C. Cooper (hereinafter together with North Shore, the hospital defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against North Shore, relying upon, among other evidence, the transcripts of the deposition testimony of the parties and the expert affirmations of Stanley Schneller, a physician board certified in internal medicine and cardiovascular disease, and Joseph Jeret, a physician board certified in neurology. Both experts opined that the physicians and hospital staff employed by North Shore did not depart from accepted standards of care in their pre-operative and post-operative treatment of Javich, and that the pre-operative and post-operative treatment they provided was not the cause of the injuries alleged by the plaintiffs.
Separately, Sullivan and Zaidi moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, Sullivan and Zaidi submitted, inter alia, an expert affirmation from Dan Reiner, a physician board certified in surgery and surgical critical care, who opined that neither Sullivan nor Zaidi departed from accepted standards of care or cause the injuries alleged by the plaintiffs.
Lyubarskaya also separately moved for summary judgment dismissing the complaint insofar as asserted against her. In support of her motion, Lyubarskaya submitted, inter alia, an expert affirmation from Lawrence K. Primis, a physician board certified in anesthesiology, who opined that Lyubarskaya did not depart from accepted standards of care or cause the injuries alleged by the plaintiffs.
In opposition to the separate motions, the plaintiffs submitted, inter alia, the redacted affirmation of an expert, a physician board certified in internal medicine and cardiovascular disease, who opined, among other things, that the defendants deviated from the accepted standard of care by failing to optimize Javich pre-operatively for surgery and by proceeding with surgery after Javich's elevated blood pressure dropped, and a redacted affirmation of an expert, a physician board certified in anesthesiology, who opined, among other things, that it was a departure for Lyubarskaya to proceed with surgery with only the medical clearance from an internist/cardiologist and that Javich's stroke was caused by altered cerebral vasoregulation and, had the surgery had been delayed to manage Javich's blood pressure, the stroke would have been avoided.
By order entered August 1, 2017, the Supreme Court, inter alia, granted that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against North Shore and the separate motions of Lyubarskaya, and Sullivan and Zaidi, for summary judgment dismissing the complaint insofar as asserted against each of them. The court determined, among other things, that the defendants had demonstrated, prima facie, that any alleged deviation was not a proximate cause of the injuries alleged by the plaintiffs. The plaintiffs appeal.
In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries (see Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action "'has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 550, quoting Leavy v Merriam, 133 AD3d 636, 637). Where a defendant meets its prima facie burden as to both the departure element and the proximate cause element, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25; see Simpson v Edghill, 169 AD3d 737, 738).
Here, in opposition to the hospital defendants' prima facie showing that North Shore did not deviate from accepted standards of care and that any alleged deviation was not a proximate cause of Javich's injuries, the plaintiffs failed to raise a triable issue of fact as to whether North Shore's alleged deviations were a proximate cause of Javich's injuries. Although the plaintiffs' [*2]expert opined that nonparty Aaron Gindea, an internal medicine/cardiology specialist at North Shore, deviated from the standard of care by clearing Javich for surgery before her hypertension was under control, the expert failed to establish a causal connection between Javich's pre-operative hypertension or her drop in blood pressure after anesthesia was administered and the ischemic stroke she suffered. Accordingly, the Supreme Court properly granted that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against North Shore.
In opposition to the prima facie showing by Sullivan and Zaidi that they did not deviate from accepted standards of care and that any alleged deviation was not a proximate cause of Javich's injuries, the plaintiffs also failed to raise a triable issue of fact as to whether the alleged deviations were a proximate cause of Javich's injuries. Although the plaintiffs' expert opined that Sullivan and Zaidi deviated from the accepted standard of care by proceeding with surgery after Javich's blood pressure dropped, the plaintiffs' expert failed to establish a causal connection between Javich's pre-operative hypertension or her drop in blood pressure and the ischemic stroke she subsequently suffered. Accordingly, the Supreme Court properly granted the motion of Sullivan and Zaidi for summary judgment dismissing the complaint insofar as asserted against them.
In opposition to Lyubarskaya's prima facie showing that she did not deviate from accepted standards of care and that any alleged deviation was not a proximate cause of Javich's injuries, the plaintiffs failed to raise a triable issue of fact as to whether Lyubarskaya's alleged deviations were a proximate cause of Javich's injuries. The plaintiffs' expert anesthesiologist opined that Lyubarskaya deviated from the accepted standard of care by proceeding with surgery after Javich's blood pressure dropped. However, the plaintiffs' expert failed to establish a causal connection between Javich's pre-operative hypertension or her drop in blood pressure, and the ischemic stroke she subsequently suffered. Accordingly, the Supreme Court properly granted Lyubarskaya's motion for summary judgment dismissing the complaint insofar as asserted against her.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court