Martinez v Orange Regional Med. Ctr. (2022 NY Slip Op 01780)





Martinez v Orange Regional Med. Ctr.


2022 NY Slip Op 01780


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-07595
 (Index No. 5621/16)

[*1]Wynelia Martinez, etc., appellant, 
v
Orange Regional Medical Center, et al., respondents, et al., defendants.


Kramer, Dillof, Livingston & Moore, New York, NY (Matthew Gaier and Pani Vo of counsel), for appellant.
Thompson-Tinsley Law, PLLC, Cold Spring, NY (Angela Thompson-Tinsley of counsel), for respondent Orange Regional Medical Center.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondents Sergey Koyfman and ENT and Allergy Associates, LLP.
Koster, Brady & Nagler, New York, NY (Bruce M. Brady and Danielle N. Bennett of counsel), for respondents Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, LLP.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), entered May 9, 2019. The judgment, insofar as appealed from, upon an order of the same court dated April 18, 2019, granting the motion of the defendants Sergey Koyfman and ENT and Allergy Associates, LLP, for summary judgment dismissing the complaint insofar as asserted against them, the motion of the defendants Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, LLP, for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the motion of the defendant Orange Regional Medical Center which was for summary judgment dismissing the vicarious liability claims asserted against it based on medical malpractice allegedly committed by the defendant Stephen Solomon, is in favor of the defendants Sergey Koyfman, ENT and Allergy Associates, LLP, Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, LLP, and against the plaintiff dismissing the complaint insofar as asserted against those defendants, and in favor of the defendant Orange Regional Medical Center and against the plaintiff dismissing the vicarious liability claims asserted against that defendant based on medical malpractice allegedly committed by the defendant Stephen Solomon.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendants Sergey Koyfman and ENT and Allergy Associates, LLP, for summary judgment dismissing the complaint insofar as asserted against them, the motion of the defendants Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, [*2]LLP, for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the motion of the defendant Orange Regional Medical Center which was for summary judgment dismissing the vicarious liability claims asserted against it based on medical malpractice allegedly committed by the defendant Stephen Solomon are denied, the complaint is reinstated insofar as asserted against the defendants Sergey Koyfman, ENT and Allergy Associates, LLP, Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, LLP, the vicarious liability claims asserted against the defendant Orange Regional Medical Center based on medical malpractice allegedly committed by the defendant Stephen Solomon are reinstated, and the order dated April 18, 2019, is modified accordingly.
On May 28, 2015, the plaintiff's decedent (hereinafter the decedent) presented to the defendant Orange Regional Medical Center (hereinafter ORMC) for emergency surgery to remove a polyp on her left vocal cord, which was obstructing approximately 85% of her airway. The defendant Sergey Koyfman determined that the decedent required either fiberoptic intubation or, more likely, an awake tracheostomy in order to secure her airway prior to removing the polyp, and after several unsuccessful attempts to perform a fiberoptic intubation, an awake tracheostomy was performed. At some point during the procedure the decedent lost her airway and, despite attempts to reestablish the airway and ventilate the decedent, she became bradycardic, which resulted in, among other things, a brain edema. As a result, the decedent was transferred to palliative care, where she died nine days later.
In August 2016, the plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death, against, among others, Koyfman, the defendant ENT and Allergy Associates, LLP (hereinafter together the Koyfman defendants), ORMC, and the defendants Stephen Solomon, Orange Anesthesia Services, P.C., and North American Partners in Anesthesia, LLP (hereinafter collectively the Solomon defendants). Following discovery, the Koyfman defendants and the Solomon defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and ORMC moved, inter alia, for summary judgment dismissing those vicarious liability claims asserted against it which were based on the allegedly negligent acts of Solomon. In an order dated April 18, 2019, the Supreme Court, among other things, granted the separate motions of the Koyfman defendants and the Solomon defendants and that branch of ORMC's motion. On May 9, 2019, a judgment was entered in favor of, among others, ORMC, the Koyfman defendants, and the Solomon defendants, inter alia, dismissing the complaint insofar as asserted against the Koyfman defendants and the Solomon defendants and dismissing the vicarious liability claims asserted against ORMC based on medical malpractice allegedly committed by Solomon. The plaintiff appeals.
"'Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries'" (Dixon v Chang, 163 AD3d 525, 526, quoting Bongiovanni v Cavagnuolo, 138 AD3d 12, 16). Thus, "a defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d 18, 24; see Matthis v Hall, 173 AD3d 1162, 1163). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Kogan v Bizekis, 180 AD3d 659, 660 [internal quotation marks omitted]; see Mackauer v Parikh, 148 AD3d 873, 876). However, "[a] defendant's expert's affidavit or affirmation that 'merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice' is insufficient to meet this burden" (Marsh v City of New York, 191 AD3d 973, 973-974, quoting Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784, 784; see Couch v County of Suffolk, 296 AD2d 194, 198). A defendant's failure to make such prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, the Koyfman defendants' submissions failed to establish, prima facie, that they did not depart from the standard of care in treating the decedent, or that any such departure did not [*3]proximately cause the decedent's injuries. The Koyfman defendants' expert failed to address specific allegations of negligence asserted against the Koyfman defendants (see Oliver v New York City Health & Hosps. Corp., 178 AD3d 1057, 1058-1059; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045), failed to address conflicting evidence in the record (see Metcalf v O'Halleran, 137 AD3d 758, 759; Faicco v Golub, 91 AD3d 817, 818), and failed to eliminate issues of fact as to the cause of the decedent's injuries. Since the Koyfman defendants failed to eliminate all triable issues of fact, the Supreme Court should have denied their motion for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court also should have denied that branch of ORMC's motion which was for summary judgment dismissing the vicarious liability claims predicated on the allegedly negligent acts of Solomon. ORMC's submissions failed to establish, prima facie, that Solomon, who was ORMC's agent, did not depart from the standard of care, or that any such departure did not proximately cause the decedent's injuries. In addressing the plaintiff's allegations of negligence, ORMC's expert merely summarized the medical records and certain deposition testimony, and opined in a conclusory manner that Solomon did not depart from good and accepted medical practice in rendering treatment to the decedent and did not proximately cause her injuries (see Wei Lin v Sang Kim, 168 AD3d 788, 788-789; Kelly v Rosca, 164 AD3d 888, 891). Moreover, ORMC's expert failed to address specific allegations of negligence asserted against Solomon (see Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1045). Therefore, that branch of ORMC's motion should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In moving for summary judgment dismissing the complaint insofar as asserted against them, the Solomon defendants relied entirely on the expert affirmation submitted by ORMC in support of its own motion. Accordingly, for similar reasons, the Supreme Court should have denied the Solomon defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see id.; Wei Lin v Sang Kim, 168 AD3d at 788-789; Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1045).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court