Friedman v Vitale (2024 NY Slip Op 01002)

Friedman v Vitale

2024 NY Slip Op 01002

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-07759
 (Index No. 504176/15)

[*1]Edward Friedman, appellant, 
v
Michael G. Vitale, etc., et al., respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Joshua Block of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (David P. Johnson and Deirdre E. Tracey of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 28, 2021. The judgment, insofar as appealed from, upon an order of the same court dated September 13, 2021, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice, is in favor of the defendants and against the plaintiff dismissing the cause of action alleging medical malpractice.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice is denied, and the order is modified accordingly.
In 2004, the plaintiff, then a child suffering from cerebral palsy, first presented to the defendant Michael G. Vitale, an orthopedic surgeon, for an evaluation of his gait and bilateral lower extremity contractures. Over the course of several years, Vitale administered Botox treatments to the plaintiff to, among other things, improve his gait. However, the plaintiff eventually developed a gait abnormality and "extreme" tightness in his hamstrings. As a result, the plaintiff had significant difficulties ambulating.
On December 8, 2008, the plaintiff was admitted to the defendant New York Presbyterian Hospital to undergo bilateral lower extremity surgery, including, inter alia, bilateral hamstring lengthening, performed by Vitale and the defendant Benjamin D. Roye, also an orthopedic surgeon. The surgery was intended to improve the plaintiff's mobility and gait. Upon completion of the surgery, Vitale and Roye applied bilateral long-leg casts to the plaintiff. In the days following the surgery, the pediatric anesthesiology team noted, among other things, postoperative bilateral weakness and sensory loss in the plaintiff's lower extremities. The plaintiff's long-leg casts were eventually removed and he was thereafter discharged from the hospital. However, after discharge, the plaintiff was noted to still have a diminished motor and sensory exam in his bilateral lower extremities and was unable to walk without assistance. After multiple follow-up visits, Vitale eventually confirmed that the plaintiff had suffered a nerve stretch injury during the surgery.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendants. The plaintiff alleged, among other things, that the defendants negligently performed the bilateral hamstring lengthening procedure by "excessively stretching" and "compressing" his nerves during the surgery, causing the nerve stretch injury, and, as a separate theory, that the defendants negligently failed to immediately diagnose the plaintiff's nerve stretch injury and remove the long-leg casts after the plaintiff had complained of bilateral lower extremity numbness and weakness. The defendants moved for summary judgment dismissing the complaint. In support of the motion, the defendants submitted, inter alia, the affidavit of an expert physician board certified in orthopedic surgery. The plaintiff opposed the defendants' motion, relying, in part, upon a redacted affidavit of an expert physician, also board certified in orthopedic surgery. By order dated September 13, 2021, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. A judgment was thereafter entered, upon the order, inter alia, in favor of the defendants and against the plaintiff dismissing the cause of action alleging medical malpractice. The plaintiff appeals.
On a motion for summary judgment dismissing a medical malpractice cause of action, a defendant "has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (J.P. v Patel, 195 AD3d 852, 853 [internal quotation marks omitted]; see Martinez v Orange Regional Med. Ctr., 203 AD3d 910). "In order to sustain this . . . burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's . . . bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d at 912 [internal quotation marks omitted]). If the defendant meets this burden, the plaintiff, in opposition, "must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068), including by "rebut[ting] the specific assertions of the defendant's expert" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 899).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the medical malpractice cause of action as was premised upon the defendants' alleged negligence in performing the plaintiff's surgery. It is undisputed that the plaintiff suffered a nerve stretch injury during the hamstring lengthening portion of the surgery. The affidavit of the defendants' expert, the medical records, and the excerpts of the deposition transcripts of Vitale and Roye were sufficient to establish, prima facie, that the defendants did not negligently stretch or compress the plaintiff's nerves during the surgery and that the plaintiff's nerve stretch injury was a known risk that can, and did, occur in the absence of any negligence (see Uchitel v Fleischer, 137 AD3d 1111, 1112; Matos v Schwartz, 104 AD3d 650, 651-652; Swanson v Raju, 95 AD3d 1105, 1106-1107; Bengston v Wang, 41 AD3d 625, 626).
The defendants also demonstrated their entitlement to summary judgment dismissing so much of the medical malpractice cause of action as was premised upon their alleged failure to timely diagnose the plaintiff's nerve stretch injury and remove his casts. The defendants demonstrated, prima facie, that any alleged delay in diagnosing the plaintiff's nerve stretch injury was not a departure from the accepted standard of care and that, in any event, the alleged delay was not a proximate cause of the claimed injuries resulting therefrom (see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860; M.C. v Huntington Hosp., 175 AD3d 578, 580).
To the extent the plaintiff contends that the defendants failed to meet their prima facie burden because they purportedly did not rebut certain allegations in the bill of particulars, including, inter alia, that Vitale and Roye improperly positioned the plaintiff during the surgery, this contention is improperly raised for the first time on appeal (see Losak v St. James Rehabilitation & Healthcare Ctr., 199 AD3d 671, 672).
In opposition to the defendants' prima facie showing, however, the plaintiff raised triable issues of fact. The plaintiff's expert's affidavit raised a triable issue of fact with regard to whether the plaintiff's nerve stretch injury resulted from the defendants' negligence during the [*2]surgery. The expert also raised a triable issue of fact by opining that the defendants were negligent with regard to the delayed diagnosis and, in effect, that this delay decreased the plaintiff's chances of a better outcome (see Keilb v Bascara, 217 AD3d 756, 757; cf. Paglinawan v Jeng, 211 AD3d 743, 745).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court