Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC (2024 NY Slip Op 01697)

Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC

2024 NY Slip Op 01697

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-12228
2019-11210
 (Index No. 18924/12)

[*1]Robert Campbell, etc., appellant, 
v
Ditmas Park Rehabilitation & Care Center, LLC, etc., et al., respondents, et al., defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac, Roya Namvar, and Jillian Rosen of counsel), for appellant.
Caitlin Robin & Associates PLLC, New York, NY (Kevin Volkommer of counsel) for respondent Ditmas Park Rehabilitation & Care Center, LLC.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell of counsel), for respondent Elie Fteha.
Feldman Kieffer, LLP, Buffalo, NY (Stephen M. Sorrels of counsel), for respondent Stewart Kalatsky.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 22, 2019, and (2) a judgment of the same court dated September 10, 2019. The order granted the separate motions of the defendant Elie Fteha, the defendant Stewart Kalatsky, and the defendant Ditmas Park Rehabilitation Care Center, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, upon so much of the order as granted the motion of the defendant Elie Fteha for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order as granted the motion of the defendant Elie Fteha for summary judgment dismissing the complaint insofar as asserted against him is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In July 2009, Eric Campbell, the plaintiff's father (hereinafter the decedent), was admitted to a skilled nursing facility operated by the defendant Ditmas Park Rehabilitation & Care [*2]Center, LLC (hereinafter Ditmas Park or the facility). During his admission, the decedent received treatment from the defendant Elie Fteha, the facility's attending physician, and the defendant Stewart Kalatsky, a podiatrist, among others. In June 2010, the decedent was diagnosed with a right heel blister that subsequently developed into a stage IV pressure ulcer. In August 2010, the decedent was transferred from Ditmas Park to a hospital for further evaluation and treatment of his right heel ulcer. Shortly after his admission to the hospital, his right leg was partially amputated.
The plaintiff, then in his capacity as the decedent's personal guardian, commenced this action against Ditmas Park, Fteha, and Kalatsky (hereinafter collectively the defendants), among others, asserting, inter alia, causes of action to recover damages for medical malpractice. After the decedent's death in 2014, the plaintiff was appointed as the administrator of the decedent's estate and was substituted as the plaintiff in that capacity in this action. Fteha subsequently moved for summary judgment dismissing the complaint insofar as asserted against him. Kalatsky and Ditmas Park then separately moved for the same relief insofar as asserted against each of them. By order dated July 22, 2019, the Supreme Court granted the defendants' respective motions. The court thereafter entered a judgment dated September 10, 2019, upon so much of the order as granted Fteha's motion for summary judgment dismissing the complaint insofar as asserted against him, in favor of Fteha and against the plaintiff dismissing the complaint insofar as asserted against Fteha. The plaintiff appeals from the order and the judgment.
Initially, the appeal from so much of the order as granted Fteha's motion for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action in favor of Fteha and against the plaintiff (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On a motion for summary judgment dismissing a medical malpractice cause of action, a defendant "has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (J.P. v Patel, 195 AD3d 852, 853 [internal quotation marks omitted]; see Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d at 912 [internal quotation marks omitted]). If the defendant meets this burden, the plaintiff, in opposition, "must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068), including by "rebut[ting] the specific assertions of the defendant's expert" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 899). "A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars" (Anonymous v Gleason, 175 AD3d 614, 617 [internal quotation marks omitted]).
Here, Fteha established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, affirmations from experts in geriatric medicine and vascular surgery. These experts, who addressed the allegations of medical malpractice set forth in the plaintiff's complaint and bill of particulars, established that Fteha did not depart from accepted standards of medical practice in his treatment of the decedent and that, in any event, any alleged departure was not a proximate cause of the decedent's injuries. Kalatsky and Ditmas Park similarly met their respective burdens of establishing their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them.
In opposition to the defendants' respective prima facie showings, the plaintiff failed to raise a triable issue of fact with regard to the pleaded theories of liability. As the Supreme Court correctly determined, the plaintiff improperly raised a new theory of liability for the first time in opposition to the defendants' respective motions (see id. at 617). In any event, the plaintiff's experts' opinions were insufficient to raise a triable issue of fact regarding proximate cause, since [*3]they failed to rebut the opinions of the defendants' experts that the decedent's injuries were unavoidable (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d at 899; cf. Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 451-452). Accordingly, the court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
The plaintiff's remaining contentions have been rendered academic in light of our determination.
MALTESE, J.P., GENOVESI, FORD and VENTURA, JJ., concur.

2019-12228 DECISION & ORDER ON MOTION
2019-11210
Robert Campbell, etc., appellant, v Ditmas Park
Rehabilitation & Care Center, LLC,
etc., et al., respondents, et al., defendants.
(Index No. 18924/12)

Appeals from an order of the Supreme Court, Kings County, dated July 22, 2019, and a judgment of the same court dated September 10, 2019. Motion by the respondent Elie Fteha to strike stated portions of the appellant's reply brief on the ground that they improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated January 22, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that the portion of the appellant's reply brief which begins on page 18 with the words "[a]s movant, each defendant," and ends on page 22 with the words "not considered by the trial court," is deemed stricken, and has not been considered on the appeal, and the motion is otherwise denied.
ENTER:
Darrell M. Joseph
Clerk of the Court