Torres v New York City Health & Hosps. Corp. (2025 NY Slip Op 02806)

Torres v New York City Health & Hosps. Corp.

2025 NY Slip Op 02806

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-08827
 (Index No. 700418/18)

[*1]Rufino Torres, et al., respondents, 
v
New York City Health and Hospitals Corporation, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Karin Wolfe of counsel), for appellant.
Levine & Grossman, Mineola, NY (Steven Sachs, Paul A. Montouri, and William Burdo of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated July 10, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice is granted.
On January 10, 2018, the plaintiff Rufino Torres (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against the defendant. The plaintiffs alleged that, on November 2, 2016, the injured plaintiff was taken by ambulance to the emergency department of Elmhurst Hospital Center (hereinafter Elmhurst), a facility controlled by the defendant, following a workplace accident where his forearm was lacerated. At Elmhurst, the injured plaintiff's forearm was X-rayed, and his wound was cleaned, sutured, and dressed. Later that same day, the injured plaintiff was discharged and instructed to return in two days for a follow-up appointment. The injured plaintiff did not return for the follow-up appointment but instead followed up with several physicians who were not associated
with the defendant. The injured plaintiff allegedly required surgery later to repair several tendons in his forearm. The plaintiffs alleged that the defendant negligently failed to properly diagnose and treat the injured plaintiff's injuries during the initial emergency department visit at Elmhurst.
On October 3, 2022, the defendant moved for summary judgment dismissing the complaint. In an order dated July 10, 2023, the Supreme Court, among other things, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The defendant appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Kunwar v Northwell Health, 229 AD3d 528, 532, quoting Mendoza v Maimondes Med. Ctr., 203 [*2]AD3d 715, 716). "[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (id. [internal quotation marks omitted]). "If the defendant meets this burden, the plaintiff, in opposition, must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden, including by rebut[ting] the specific assertions of the defendant's expert" (Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836 [citation and internal quotation marks omitted]).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affirmation of an expert physician, who opined that the physicians and employees of the defendant did not depart from the applicable standard of care and that any alleged departures were not a proximate cause of the injured plaintiff's injuries (see Avgi v Policha, 232 AD3d 838, 840; Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d at 837). In opposition, the plaintiffs failed to raise a triable issue of fact regarding proximate cause. The opinions of the plaintiffs' expert regarding proximate cause failed to address specific assertions made by the defendant's expert regarding, among other things, the implications of the injured plaintiff's failure to return for a follow-up appointment as instructed (see Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d at 837; Javich v Sullivan, 192 AD3d 871, 873).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court