Carafello v Ruvo

2026 NY Slip Op 02097

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dana Carafello, appellant,

v

Anthony Ruvo, etc., respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-01574, (Index No. 9179/17)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Porzio, Bromberg & Newman, P.C., New York, NY (William A. Krais of counsel), for appellant.

O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Heather Haralambides and Katherine McGerald of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated February 11, 2021. The order granted the motion of the defendant Anthony Ruvo for summary judgment dismissing the complaint insofar as asserted against him.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Anthony Ruvo for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiff commenced this action to recover damages for medical malpractice against the defendant Anthony Ruvo (hereinafter the defendant), among others. The plaintiff alleged that the defendant deviated from accepted medical practice in failing to diagnose a transected tendon in her right ring finger, causing permanent limitations to the mobility of her right hand. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated February 11, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Avgi v Policha, 232 AD3d 838, 839 [internal quotation marks omitted]; see Murray v Central Is. Healthcare, 205 AD3d 1036, 1037). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Daniels v Pisarenko, 222 AD3d 831, 832, quoting Attia v Klebanov, 192 AD3d 650, 651). However, "[a] defendant's expert's affidavit or affirmation that merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]).

Here, the defendant failed to establish, prima facie, that he did not depart from the applicable standard of care in treating the plaintiff or that any such departure did not proximately cause the plaintiff's injuries (see Badescu v Lewis, 235 AD3d 613, 614). The expert affidavits submitted by the defendant in support of his motion failed to address specific allegations of negligence asserted by the plaintiff, including whether the defendant departed from the accepted standard of care in examining the injury, failing to properly diagnose the transected tendon suffered by the plaintiff, and failing to recommend immediate consultation with a surgeon to repair the tendon, as well as whether such departures proximately caused the plaintiff's continued injuries. Instead, the experts merely described the treatment rendered, improperly assumed the truth of certain facts disputed by the plaintiff (see Stiso v Berlin, 176 AD3d 888, 890), and concluded, based on those assumptions, that the examination and treatment did not represent a departure from good and accepted medical practice (see Martinez v Orange Regional Med. Ctr., 203 AD3d at 912).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court